# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MARK LANE, et al., )<br>)<br>        Plaintiffs, )<br>)<br>v. )<br>)<br>MILA KOFMAN, in her capacity as )<br>SUPERINTENDENT OF INSURANCE )<br>)<br>        Defendant. ) | Docket no. 1:11-cv-62-GZS |

## ORDER ON PLAINTIFFS' PENDING MOTIONS

Before the Court are two motions filed by Plaintiffs Mark Lane ("Lane") and Advantage Senior Advisory Group, Inc. ("ASAG"): (1) the Motion for Preliminary Injunction (Docket # 4), which was filed on February 17, 2011, and (2) the Motion for Expedited Briefing and Hearing (Docket # 6), filed on February 23, 2011. To the extent the Court held a telephonic conference on these motions on February 24, 2011 and thereafter ordered Defendant to file a written response to the pending motions by 2 P.M. on February 24, 2011, the Court has GRANTED the Motion for Expedited Briefing and Hearing (Docket # 6). Having considered the parties' oral and written submissions, the Court hereby DENIES Plaintiffs' Motion for Preliminary Injunction (Docket # 4).

## I.  BACKGROUND

Plaintiffs' Motion for Preliminary Injunction seeks to stay all proceedings in a state enforcement petition captioned <u>In re Mark Lane</u>, Docket # INS-10-215 (hereinafter, the "Lane Petition" or "Petition"). The Lane Petition was originally filed on June 2, 2010 and later amended on August 19, 2010. The Petition alleges that Mark Lane, a Maine licensed insurance

producer, violated provisions of Maine's Insurance Code when he approved a March 2010 mailing to 69 Maine households. The Petition more specifically alleges that the mailing, as approved by Lane and Arcadian Health Plan, Inc., failed to make required disclosures, contained a misleading representation that the disclosed sender was a "licensed independent sales representative," and amounted to prohibited "cold lead advertising." (See Am. Lane Pet. (Docket # 4-2) at 3-4.)

An administrative hearing on this Amended Petition is scheduled to commence on Monday, February 28, 2011 at 8:30 A.M. Although Plaintiffs sought a continuance of this hearing after filing the pending Motion for Preliminary Injunction (Docket # 4), Defendant opposed that request. The hearing officer then denied the request on February 23, 2011. (See Order on Motion to Continue (Docket # 6-1).) Thus, Plaintiffs' immediate concern is that absent some Court intervention related to the pending motions, the administrative hearing will proceed on February 28, 2011.

In support of the request for a preliminary injunction, Plaintiffs indicate that the facts and issues in this case are substantially similar to Arcadian Health Plan, Inc. v. Kofman, Me. Docket # 1:10-cv-322. In this Arcadian case, the Magistrate Judge recommended, and this Court subsequently approved without objection, entry of a preliminary injunction that stayed state enforcement proceedings against Arcadian. See Arcadian Health Plan, Inc. v. Kofman, 2010 WL 5173624 (recommended decision), 2011 WL 22974 (affirming recommended decision).[1]

The state enforcement petition against Arcadian, which was at the center of that case, alleged violations of the Maine Insurance Code based on the exact same March 2010 mailing at issue in the Lane Petition. Ultimately, in Arcadian, this Court found that the plaintiff insurer had

---

[1] To the extent the Court's Arcadian decision contains helpful background discussion, the Court does not repeat that discussion here and directs interested readers to the Recommended Decision.

a substantial likelihood of success on its argument that the 42 U.S.C. § 1395w-26(b)(3) expressly preempted Defendant's administrative action against the insurer and that the preemption was clear enough to avoid Younger abstention. See Arcadian, 2010 WL at *5-*8. The Court also found that the other preliminary injunction factors, i.e., irreparable injury, balance of harms, and public interest, favored Arcadian. See id. at *8-*9. Given the factual similarity between this case and Arcadian, Plaintiffs now argue that a similar injunction should enter in favor of Mark Lane to prevent the state from moving forward with the Lane Petition. As discussed below, despite the factual similarity, the Court concludes that Lane's legal status as a licensed Maine insurance producer distinguishes his claims and arguments from Arcadian, which is licensed as a Maine health maintenance organization and subject to federal regulation as a Medicare Advantage organization.

## II. LEGAL STANDARD

Plaintiffs, as the moving party, bear the burden of persuasion to show: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Iantosca v. Step Plan Servs., Inc., 604 F.3d 24, 29 n.5 (1st Cir. 2010) (citation omitted). The Court must "bear constantly in mind that an '[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case.'" Saco Def. Sys. Div., Maremont Corp. v. Weinberger, 606 F. Supp. 446, 450 (D. Me. 1985) (quoting Plain Dealer Pub. Co. v. Cleveland Typographical Union No. 53, 520 F.2d 1220, 1230 (6th Cir.1975)).

## III. DISCUSSION

### A. Likelihood of Success on the Merits

Simply put, Plaintiffs have not and cannot establish the same substantial likelihood of success that was found in Arcadian.

First, it is significantly more likely that the Lane Petition, which alleges violations of 24-A M.R.S.A. §§ 2152-B(2)(A) & 2154, invokes "state licensing laws" and/or state laws that do not respect "MA plans . . . offered by MA organizations" under Part C. 42 U.S.C. §1395w-26(b)(3). In the Court's preliminary assessment, this difference places the Lane Petition outside any express preemption contained in 42 U.S.C. §1395w-26(b)(3).[2] Unlike the petition in Arcadian, which invoked 24-A M.R.S.A. § 1445(1)(D), the Lane Petition clearly invokes a section of the Maine Producer Licensing Act, 24-A M.R.S.A. § 1420-K(1)(B). As this Court previously acknowledged, Defendant may enforce state licensing laws against producers "without running afoul of the federal preemption statute." Arcadian, 2010 WL 5173624 at *5. In short, absent "facially conclusive" and "straightforward" preemption, this case does not present the exception to Younger abstention that the Court found present in Arcadian. Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 28 (1st Cir. 2009), *cert. denied*, 130 S. Ct. 1059 (2010); see also Arcadian, 2010 WL 5173624 at *5-*8 (applying Colonial Life).

---

[2] To that end, the Court also notes that the provisions found in 42 U.S.C. § 1395w-21(h)(7), titled "Strengthening the ability of States to act in collaboration with the Secretary to address fraudulent or inappropriate marketing practices," further suggest that Congress envisioned some degree of collaboration between federal and state regulators by requiring Medicare Advantage organizations to "only use" agents and brokers licensed under state law. 42 U.S.C. § 1395w-21(h)(7)(A). In responding to Plaintiffs' Motion for Preliminary Injunction, Defendant has provided an example of the type of sanctions that are imposed against Medicare Advantage organizations, like Arcadian, for failure to comply with federal regulations regarding the marketing of Medicare Advantage plans. (See Ex. G to Schott Aff. (Docket # 8-8).) However, Defendant asserts no similar type of federal action is taken against producers. Thus, according to Defendant, in the absence of state enforcement actions, such as the Lane Petition, producers would operate in a "regulatory vacuum." (Def. Obj. (Docket # 8) at 14.)

Rather, the Court finds that there is a substantial likelihood that Defendant will establish the requirements for Younger absention in this case. See Younger v. Harris, 401 U.S. 37, 45-47 (1971). "Under Younger, a federal court must abstain if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims." Colonial Life, 572 F.3d at 26 (citations and internal quotations omitted). The Lane Petition is undoubtedly an ongoing state judicial proceeding that was commenced prior to the filing of the Plaintiffs' Complaint. See, e.g., Christian Action Network v. Maine, 679 F. Supp. 2d 140, 147-48 & n.10 (D. Me. 2010). Second, Defendant understandably asserts that the state has substantial interests in regulating the conduct of Maine's licensed insurance producers, especially with respect to advertising and solicitation. Finally, the Court is satisfied that Lane will have ample opportunity to raise his preemption claim via the pending state proceeding. See 5 M.R.S.A. § 9056 & 11007.

As Plaintiffs admit in their Motion for Preliminary Injunction, likelihood of success on the merits is the "most important part of the preliminary injunction assessment" (Pls. Mot. for Preliminary Inj. (Docket # 4) at 6 (*quoting* Jean v. Mass. State Police, 492 F.3d 24, 27 (1st Cir. 2007).) The Court concludes Plaintiffs do not have the requisite likelihood of success to warrant injunctive relief. In an abundance of caution, the Court briefly considers the remaining preliminary injunction factors, recognizing that the remaining factors are often deemed "matters of idle curiosity" if likelihood of success is not established. New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

### B. Irreparable Harm & the Balance of the Harms

Even if likelihood of success is low, a court might consider injunctive relief based on a very significant showing of irreparable harm. See Ty, Inc. v. Jones Group, Inc., 237 F.3d 891. 895 (7th Cir. 2001) (explaining that the preliminary injunction "process involves engaging in . . . the sliding scale approach; the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position"). In this case, any harm Lane may face is, in fact, mitigated by his ability to present the arguments he seeks to present here in the context of the ongoing administrative proceeding. Under these circumstances, Lane's asserted harm to his reputation and license will only come to pass if he is unsuccessful on the merits of his preemption arguments.[3] See, e.g., Michalowski v. Head, Docket No. 10-cv-278-B-W, 2010 WL 2757359 at *9 (D. Me. July 12, 2010) (finding the irreparable harm factor "slightly" favored plaintiff given an opportunity to present arguments during the administrative hearing process).

The Court is also reluctant to find irreparable harm given the timing of Plaintiffs' request for injunctive relief. Plaintiffs have known about the state enforcement proceeding since June 2010 and sat on the sidelines as Arcadian, a co-respondent, presented the same arguments Plaintiffs now ask this Court to hear on an expedited basis. In short, Plaintiffs have not made a significant showing of irreparable harm.

Nonetheless, the Court notes that the balance of harms between Plaintiffs and Defendant is approximately equal. Defendant has already allowed this matter to be continued on multiple occasions and ultimately chose "not to object" to the Court's entry of a preliminary injunction as to co-respondent, Arcadian. (Def. Obj. (Docket # 8) at 7.) Under these circumstances, the

---

[3] To date, Lane has not moved to dismiss the Petition based on federal preemption. (See Schott Aff. (Docket # 8-1) ¶19.)

Court does not believe an injunction that further delays proceedings on the Lane Petition would cause significant harm to Defendant.

### C.  Public Interest

In the absence of federal preemption (as was found by the Court in <u>Arcadian</u>), the public interest in this matter favors allowing the state to proceed with its enforcement action.

## IV.  CONCLUSION

In short, the Court concludes that Plaintiffs have not established a substantial likelihood of success or irreparable harm in the absence of an injunction.  The Court also determines that in this case the balance of the harms is approximately equal and that the public interest weighs in favor of Defendant.  Having given due consideration to all of the relevant factors, the Court hereby DENIES Plaintiffs' Motion for Preliminary Injunction (Docket # 4).

SO ORDERED.

      /s/ George Z. Singal
    United States District Judge

Dated this 25th day of February, 2011.